## DEHR v. LAMPTON.

Replevin: WHERE PROCEEDINGS ARE STAYED BY INJUNCTION. Where proceedings in an action of replevin are enjoined under bill in chancery, but the decree merely settles the right of the parties in respect to the ownership of the property, and contains no order for its return, or adjudication respecting its value, these matters should be disposed of in the replevin action, and either party be permitted to introduce evidence to show the value of the property taken under the writ.

*Appeal from Muscatine District Court.*

SATURDAY, JANUARY 28.

REPLEVIN for certain rails and stakes of the value of $216. Judgment for defendant for the value of the property replevied. Plaintiff appeals.

*W. T. Brannon, Cloud & Broomhall* for the appellants.

*Richman & Carskadden* for the appellee.

BECK, J. — Subsequent to the commencement of the action, defendant instituted a proceeding in equity, enjoining plaintiff from the execution of the writ and from removing the property. This proceeding was based upon the ground that the rails and stakes were the property of defendant and were laid up in fences and were a part of the realty. A decree was rendered in accordance with the prayer of the petition restraining plaintiff from the further execution of the writ of replevin. The decree recites that the allegations of the petition were found to be true, but there is no further adjudication as to the rights of the respective parties growing out of the property in dispute. We gather from the record before us, that the decree was pleaded as a

defense to this action and was held to bar recovery by plaintiff. Thereupon the court proceeded to assess the defendant's damages on account of the property which had been taken from defendant on the writ. Evidence was introduced on the part of defendant upon the question of damages, but plaintiff was not permitted to introduce testimony on that subject. This ruling is assigned as error by plaintiff.

The chancery proceedings seem to have settled the rights of the parties as to the property in controversy, but there was no order requiring the return of the property taken upon the writ of replevin, nor any adjudication as to its value or judgment therefor. These matters were left for disposition in this action. The rights of the defendant to the property being determined by the decree, it was the duty of the court in this case to determine the value of the property taken by the plaintiff. Upon this question both parties had the right to present evidence. It was a question to be determined upon proof, and the plaintiff was not debarred from introducing evidence. He was not in default, as is claimed by defendant's counsel. The question as to his right to the property was determined against him upon proper pleading and evidence in this suit. The other question, the value of the property replevied, remained to be determined. It arose upon a proper issue in the case upon which the plaintiff ought to have been permitted to introduce evidence.

The judgment of the district court is

Reversed.